UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| JEFFREE McDONALD, | ) |
| Plaintiff, | ) Civil Action No. 6: 05-47-DCR |
| V. | ) |
| KENTUCKY STATE POLICE, et al., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of the Defendant Kentucky State Police's ("KSP") motion to dismiss. [Record No. 5] In support of this motion, the Defendant argues that Eleventh Amendment immunity necessitates the dismissal of the claims for monetary damages against it. Further, the Defendant asserts that Plaintiff's counsel has failed to show sufficient cause for his failure to complete service of process within the 120 day period allowed by the civil rules. The Plaintiff has failed to respond to this motion. Accordingly, the Court will grant the relief requested by Defendant KSP and will dismiss this action in its entirety.

The Eleventh Amendment provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of Any Foreign State.

U.S. Const. Amend. XI. Although the text of the amendment suggests that only citizens of another state are barred from suing a state in federal court, it has long been held that the amendment also prohibits suits by a citizen against his own state. *Papasan v. Allain*, 478 U.S.

-1-

265, 276 (1986) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). Unless Eleventh Amendment immunity has been waived, a state and its agencies are immune from an action for damages in federal court. *Papasan*, 478 U.S. at 276-79. "[T]he application of the Eleventh Amendment turns on whether said agency or institution can be characterized as an arm or alter ego of the state." *Hutsell v. Sayre*, 5 F.3d 996 (6th Cir. 1993). In *Hutsell*, the Court noted that the most important factor in resolving this question is whether any monetary judgement would be paid out of the state treasury. *Id*. at 999 (citing *Estate of Ritter v. University of Mich.*, 851 F.2d 846, 848 (6th Cir. 1988)).

The Kentucky State Police is a department within the justice cabinet of the executive branch of Commonwealth of Kentucky. K.R.S. § 15A.020. In addition, its budget is submitted and approved by the Kentucky General Assembly. K.R.S. § 16.050(1). Based on these facts, the Court finds that KSP is, in fact, an "arm" of the Commonwealth of Kentucky and that any judgment against the KSP, as an agency, would have to be paid out of the state treasury. Further, inasmuch as the parties have not cited and the Court is unaware of any statute "expressly waiv[ing]" the Commonwealth's sovereign immunity for this type of action, the Court concludes that the Plaintiff's suit against the KSP is a suit against the Commonwealth for purposes of Eleventh Amendment immunity. Thus, the Plaintiff's claims against the KSP are dismissed.

Further, on June 10, 2005, the Court entered an Order requiring Plaintiff's counsel to show cause why this action should not be dismissed for failure to perfect service upon the Defendants within the 120 day time period set forth in the civil rules. At that time, the Plaintiff was given an additional 15 days to complete service of process. Although the record reflects that

on June 16, 2005, the Plaintiff served a summons and a copy of the Complaint upon Defendant KSP, it is appears that the Plaintiff has still not served Defendant Bill Elliotte.

In his response to the Court's show cause order, Plaintiff's counsel indicated that Defendant Bill Elliotte is a "necessary and indispensable party to these proceedings." [Record No. 3, p. 2] Based on these representations and counsel's failure to complete service upon this Defendant, the Court finds that dismissal of the Plaintiff's claims against this Defendant is also proper.

Accordingly, for the reasons set forth herein, it is hereby **ORDERED** that:

1. Defendant KSP's motion to dismiss [Record No. 5] is **GRANTED**;

2. The Plaintiff's claims against KSP are **DISMISSED**, with prejudice;

3. The Plaintiff's claims against Defendant Bill Elliotte are **DISMISSED**, without prejudice;

4. Inasmuch as there are no claims remaining for resolution by the Court, this action is **STRICKEN** from the Court's active docket.

This 10th day of August, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge